UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO JOHNSON,

              Plaintiff,                             Case No. 1:06-cv-402

        vs.                                     Weber, J.
                                                        Black, M.J.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES,

              Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO
DISMISS (Doc. 5) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff initiated this action on June 15, 2006 by filing a *pro se* complaint against
National Legal Professional Associates ("NLPA") alleging breach of fiduciary duty and
breach of contract.  Now before the Court is defendant's motion to dismiss and/or for
summary judgment (doc. 5) and plaintiff's memorandum *contra* (doc. 9).

**I.**

On August 29, 2005, DeMarko Lee, acting as power of attorney for plaintiff (a
convicted and incarcerated felon), retained defendant to prepare a case evaluation of
plaintiff's case in order to determine plaintiff's legal options.  Mr. Lee signed an
Agreement for Services with defendant on behalf of plaintiff.  (*See* Doc. 4, Ex. A,
Agreement for Services; Ex. B, Power of Attorney.)  The agreement provided that the
total fee for preparation of the evaluation would be $2,200.  (*Id*. at Ex. A).  The

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Agreement for Services, at Paragraph 3(g), specifically noted that, "you [the client] will make available to NLPA whatever documentation and transcripts are necessary . . . it will not be NLPA's financial responsibility to secure documentation." (*Id.*) Plaintiff provided various documents regarding his case to defendant, as well as several letters outlining issues that plaintiff wanted defendant to research. However, plaintiff did not provide defendant with a copy of plaintiff's plea hearing transcript. Defendant worked with plaintiff to obtain that transcript, and in August 2005, defendant contacted the appropriate court reporter and ordered the necessary transcripts. (Doc. 4, Ex. C, Itemized Statement.) Mr. Lee sent defendant $800 to cover the costs involved in obtaining the transcript and other necessary documentation in plaintiff's case.

After ordering the transcripts, defendant continued to prepare research in this case based upon documentation it had already received. Ultimately, defendant paid out $199 in transcript costs and legal expense fees from the funds received from Lee. (*Id.*) Realizing that it did not need the remainder of the $800, defendant sent a refund check to Mr. Lee in the amount of $601 on December 30, 2005. (Doc. 4, Ex. C, Ex. D.)

The necessary plea transcripts were finally received by defendant on January 6, 2006, allowing defendant to continue its research in plaintiff's case. However, because it had taken three months for the transcripts to be provided to defendant, Mr. Lee felt that defendant was not working quickly enough and requested a refund. (See Doc. 4, Ex. C.)

Plaintiff, meanwhile, sent defendant a letter stating that he wished defendant to continue research on his case. (Doc. 4, Ex. E.) Defendant informed Mr. Lee that plaintiff

had instructed defendant to continue its research.  (Doc. 4, Ex. F.)

Later in that same month, plaintiff changed his mind, and he instructed defendant to discontinue research on his case.  Defendant ceased work on plaintiff's case.  Pursuant to the Agreement for Services, defendant prepared an itemized statement.  (Doc. 4, Ex. A, Ex. C.)  Defendant provided the statement to plaintiff and Mr. Lee on February 2, 2006.

Furthermore, pursuant to the Agreement for Services, plaintiff agreed to settle any and all disputes through binding arbitration with the BBB and under the Federal Arbitration Act.  (*See* Doc. 4, Ex. 2 ¶ 13)

Thereafter, on June 15, 2006, plaintiff filed the instant action seeking a refund of $2,200.00 alleging that "the fiduciary duty was breached when Defendant failed to give Johnson [plaintiff] a written or verbal response on the outcome of research, evaluation and preparation" of his case.  Defendant is now seeking dismissal of this action, pursuant to Rule 12 of the Civil Rules of Civil Procedure, based on lack of jurisdiction and failure to state a claim upon which relief may be granted.

## II.

On review of a motion to dismiss for lack of subject matter jurisdiction, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).  When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the

motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

In reviewing a 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)).  So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Rule 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

### III.

Defendant first asserts that plaintiff's complaint should be dismissed for lack of jurisdiction because the amount in controversy does not exceed $75,000.  As noted above, plaintiff is requesting $2,200.  The Sixth Circuit has declared, however, that "proof to a legal certainty that a plaintiff is not entitled to more than $10,000 overcomes even a good faith allegation that the jurisdictional amount is in controversy." *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983).

Plaintiff, however, claims that the amount in controversy is immaterial because this matter is brought under federal question jurisdiction, 28 U.S.C. § 1331.  Despite his assertion, plaintiff's complaint fails to assert any claims "arising under the Constitution [or] laws ... of the United States."  28 U.S.C. § 1331; *see also Smolarek v. Chrysler*

-4-

*Corp.*, 879 F.2d 1326, 1329 (6th Cir.1989) (en banc) (Under the "well-pleaded complaint rule," the presence of federal jurisdiction turns on whether "a plaintiff's properly pleaded complaint presents a federal question on its face.")

Thus, plaintiff's complaint fails to satisfy federal question or amount in controversy requirements to sustain jurisdiction under 28 U.S.C. §§ 1331-32. Accordingly, the undersigned finds that defendant's motion to dismiss for lack of jurisdiction is well-taken. [2]

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss (doc. 10) be **GRANTED**, and this case be **CLOSED**.

Date: July 23, 2007                              s/Timothy S. Black
                                                   Timothy S. Black
                                                   United States Magistrate Judge

---

[2]    Defendant further asserts that this matter should be dismissed because plaintiff's claims are subject to binding arbitration with the BBB and under the Federal Arbitration Act. *See Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d (S.D. Ohio 1999) (Dismissal is proper where claims raised in complaint are subject to binding arbitration). Plaintiff, however, asserts that he did not authorize Mr. Lee to enter into the agreement on his behalf, and therefore he is not bound by the arbitration provision. Although the evidence of record suggests that plaintiff clearly acquiesced to the terms of the contract, plaintiff's assertions involve state law claims, and the merits of such assertions will not be addressed because the Court lacks jurisdiction over plaintiff's complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO JOHNSON,

       Plaintiff,                             Case No. 1:06-cv-402

    vs.                                   Weber, J.
                                         Black, M.J.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).